**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 53665**

| | |
|---|---|
| In the Matter of: John Doe II, A Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) |
| Petitioner-Respondent, | ) ) ) |
| v. | ) ) ) |
| JOHN DOE (2026-03), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: May 6, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas D. Kershaw, Jr., Magistrate.

Judgment and decree terminating parental rights, <u>affirmed</u>.

Kippes Law and Mediation, PLLC; Melissa J. Kippes Twin Falls, for appellant.

Hon. Raúl R. Labrador, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

---

HUSKEY, Judge

John Doe appeals from the magistrate court's judgment and decree terminating his parental rights to John Doe II (Child). Doe argues that termination was not in Child's best interests. For the reasons stated below, we affirm the judgment terminating Doe's parental rights.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the biological father of Child.[1] Concerns surrounding Child first began in February 2022 when Child was six days old. The Idaho Department of Health and Welfare (Department) filed a Child Protective Act (CPA) petition after receiving notification that fluid from Child's umbilical cord tested positive for methamphetamine. Child was removed from

---

[1] Child's biological mother's parental rights were also terminated. That case is pending appeal in Docket No. 53693.

the home and placed in foster care. At the time Child was removed, Doe had been incarcerated for more than a year. At a shelter care hearing, Child's mother stipulated to the Department's continued temporary custody of Child based on lack of a stable home environment. Following an adjudicatory hearing, a case plan was ordered for Doe to reunify with Child. The case plan required Doe to: address his legal issues; maintain his sobriety and submit to random drug testing; obtain and maintain safe, stable, sanitary, and drug-free housing; demonstrate his ability to provide financially for Child; and maintain and participate in Child's medical appointments. Additionally, Doe was required to comply with all conditions of his parole.

Doe was released from incarceration in September 2022 but did not contact the Department regarding Child for several weeks. Doe eventually moved in with Child's mother and was able to maintain employment but struggled with his sobriety, testing positive for methamphetamine several times and missing drug testing appointments. Doe missed scheduled visits with Child, citing a changing work schedule. Doe also failed to maintain stable housing, sometimes living with Child's mother at her apartment, but occasionally staying with friends or family when he and Child's mother fought. Doe completed a substance abuse treatment program, and the Department granted Doe overnight visits with Child in July 2023.

In August 2023, Child's mother left Child with Doe and moved to Oregon, where she gave birth to another child. The newborn tested positive for methamphetamine. Caseworkers went to visit Doe and Child at Doe's residence; Doe denied he had been using drugs, but when Child was tested, Child tested positive for methamphetamine. Child was removed from Doe's home and placed back into foster care in September 2023.

The Department requested Doe submit to a hair follicle drug test, but Doe informed the testing facility that his body was fully shaved. Doe tested negative for controlled substances based on a urine drug screen. During a follow-up visit with a caseworker, Doe admitted to consuming "a couple of beers and a couple lines of coke." Doe reenrolled in substance abuse treatment. Doe also indicated he was taking commercial driving license classes and working "side jobs," but the Department was unable to verify Doe's income. Because Child was returned to foster care and the length of time the CPA case was open (nineteen months), the Department changed the permanency goal from reunification to termination of Doe's parental rights and adoption of Child.

In January 2024, it was reported to the Department that Doe lost his housing and missed his latest check in with his parole officer. Doe did not attend two of his scheduled visits with Child

and left two of the visits early. Doe failed to submit to required drug testing. In February 2024, the Department filed a petition for termination of parental rights on the basis that Doe had neglected Child as defined by Idaho Code §§ 16-2001, -1624. In August 2024, Doe tested positive for methamphetamine based on hair follicle testing. Following the positive test, Doe was again incarcerated and remained in the custody of the Idaho Department of Correction (IDOC) throughout the remainder of the CPA case and termination trial.

By April 2025, Doe was transferred to an IDOC reentry facility. During this time, Doe engaged in video visits with Child. The termination trial was held in December 2025. Following the trial, the magistrate court found Doe neglected and abandoned Child, and that termination of Doe's parental rights is in the best interests of Child. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

A.     **Statutory Basis for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the

3

Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code § 16-2002(3)(b) defines "neglect" as occurring when the parent has failed to comply with the court's orders or the case plan in a CPA case and the Department has had temporary or legal custody of the child for twelve[2] of the most recent twenty-two months and reunification has not been accomplished by the last day of the twelfth month in which the child has been in the temporary or legal custody of the Department. On appeal, Doe does not challenge the magistrate court's findings that Doe neglected and abandoned Child as defined by the relevant statutes. Consequently, we affirm the magistrate court's findings that Doe neglected and abandoned Child.[3]

---

[2]     The statutory time frame under Idaho Code § 16-2002(3)(b) to terminate parental rights was previously fifteen out of the most recent twenty-two months. Subsequently, the statute was amended to twelve of the most recent twenty-two months. The amendment does not affect the analysis or outcome of this case.

[3]     This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Although not challenged on

**B.      Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State*, *Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991).  When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law.  *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014).  A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds.  *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

On appeal, Doe invites this Court to review the magistrate court's findings, but the only finding Doe explicitly references is the relationship Child has with his biological sibling.  Doe argues termination is not in Child's best interests because the magistrate court "did not appear to consider that the sibling relationship in this case could potentially be thwarted by the termination of parental rights."  There is no set list of factors a court must consider in determining the best interests of the child.  *Matter of Doe I*, 166 Idaho 197, 200, 457 P.3d 849, 852 (2020).  The magistrate court is free to consider the factors listed, but there is no requirement as to what the court must consider.  *Doe (2015-03)*, 159 Idaho at 198, 358 P.3d at 83.  Furthermore, Child's younger sibling was also removed from Doe's care and placed in foster care with Child.  Doe is incorrect that the magistrate court must consider Child's relationship with his biological sibling in the best interests analysis, but even so, Child lives with his biological sibling in the same foster home.

Additionally, the magistrate court found Child was bonded with both his foster mother and two foster siblings.  The magistrate court also noted Child's foster mother testified that she would adopt Child and Child's biological sibling if allowed to do so.  The best interests analysis considers the reality that children need stability and certainty.  *Matter of Doe Children*, 164 Idaho 486, 491,

---

appeal, the review of the record supports the magistrate court's findings regarding the statutory bases under which Doe's parental rights were subject to termination.

5

432 P.3d 35, 40 (2018). In his foster home, Child has been receiving play therapy for trauma, speech therapy, and has made significant improvements despite being developmentally delayed at the time he was placed with his foster mother. The magistrate court stated that, "There is no time limit on [Doe's] efforts to overcome [his] addictions and improve [his life]. There is, however, some time limit on childhood." The magistrate court noted Child is being offered stability and certainty with his foster mother. In light of the above, substantial evidence supports the magistrate court's finding that termination of Doe's parental rights is in Child's best interests.

## IV.
## CONCLUSION

The magistrate court did not err in finding that Doe neglected and/or abandoned Child, and termination of Doe's parental rights is in Child's best interests because its findings are supported by substantial and competent evidence. Therefore, the judgment terminating Doe's parental rights is affirmed.

Chief Judge TRIBE and Judge Pro Tem MELANSON, **CONCUR**.

6